## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARCO APARICIO, CLAUDIA APARICIO<br>*Appellants* | § § § § § | Case No. SA-26-CV-01002-XR |
| -vs- | § § | Bankruptcy Case No. 25-51378-CAG |
| JOHN PATRICK LOWE,<br>*Appellee* | § § § § | |

### <u>DISMISSAL ORDER</u>

On this date, the Court considered the status of this bankruptcy appeal. After careful consideration, this appeal is **DISMISSED** for the reasons set forth herein.

### BACKGROUND

On February 17, 2026, Ms. Aparicio filed this "joint" appeal of Bankruptcy Judge Craig A. Gargotta's February 4, 2026 order denying her motion to reconsider an order compelling her father, Appellant Marco Aparicio, to turn over certain property of the estate (a vehicle) and repay $62,956.00 he had taken from the estate without court authorization. *See IWC Oil & Refinery, LLC*, No. 25-bk-51378-CAG, ECF No. 152 (Bankr. W.D. Tex. Feb. 4, 2026) (the "Turnover Order").

### I.    Bankruptcy Court Proceedings

On February 4, 2026, after a hearing, Judge Gargotta gave Mr. Aparicio three days to notify the Trustee of the car's location and seven days to provide the Trustee with an explanation of how and when he would repay the funds taken from the estate. *Id.* at 2. Judge Gargotta warned that failure to comply would result in a show-cause order and potentially a contempt order. *Id.* He issued a separate order denying Ms. Aparicio's emergency motion to reconsider and vacate the Turnover Order, the subject of this appeal. *See id.*, ECF No. 151 (Feb. 4, 2026).

When Mr. Aparicio failed to timely comply with the Turnover Order, Judge Gargotta issued an order directing both Appellants to show cause at a hearing on March 9, 2026, why (1) Mr. Aparicio should not be held in contempt and (2) Ms. Aparicio had been engaging in the unauthorized practice of law (by submitting "joint" *pro se* filings on her father's behalf). *See id.*, ECF No. 167 (Feb. 19, 2026).

When neither Appellant appeared at the show-cause hearing, Judge Gargotta (1) issued a bench warrant for Mr. Aparicio's arrest; (2) barred Ms. Aparicio from submitting "joint" filings; (3) struck all of her previous joint filings from the docket (including her motion to reconsider the Turnover Order); and (4) dismissed her motion to proceed *in forma pauperis* in this appeal.[1] *See id.*, ECF Nos. 179–182 (Mar. 10, 2026).

## II.    The Court's Show Cause Order and Ms. Aparicio's Response

On March 11, 2026, the day after the bench warrant was issued, Ms. Aparicio filed an "Emergency *Joint* Motion for Stay of Enforcement and Temporary Suspension of Bench Warrant Pending Appeal" in this appeal. *See* ECF No. 2 at 1 (emphasis added).

Because Ms. Aparicio does not appear to have any authority for filing either the "joint" appeal of the Turnover Order or the "joint" motion to suspend the Bench Warrant on Mr. Aparicio's behalf (or independent standing to submit such filings on her own behalf), the Court struck Ms. Aparicio's motion and ordered her to show cause in writing why this Court should not dismiss this appeal as frivolous and impose sanctions against her for engaging in the unauthorized practice of law in this Court. *See* ECF No. 5 at 3 (citing Fed. R. Bankr. P. 8020).

In response, Ms. Aparicio represented that she is a "party in interest within the meaning of 11 U.S.C. § 1109(b)" and "holds multiple legally protected positions in the underlying bankruptcy

---

[1] Appellants have not paid the filing fee in this appeal nor filed a motion to proceed IFP before this Court.

case," including as (1) a creditor holding a prepetition claim of approximately $132,500 for accrued unpaid wages from 2023-2025; (2) a post-petition administrative claimant with approximately $16,000 in expenses; (3) an equity holder, member, and officer of the Debtor, IWC Oil & Refinery, LLC ("IWC"); and (4) a co-debtor whose financial exposure is directly impacted by the administration of the estate. ECF No. 8 at 2.

She further clarified that she did not intend to engage in the unauthorized practice of law, that she was acting under the exigent circumstances of her father's arrest, and noted that the filings at issue contained both Appellants' "wet" signatures, indicating that Mr. Aparicio personally reviewed and approved their contents. *Id.* at 5. She asserts that she seeks to represent only herself.

**DISCUSSION**

## I.       Failure to Pay the Filing Fee

Under Federal Rule of Bankruptcy Procedure 8003(a)(3)(C), a notice of appeal must be accompanied by the prescribed filing fee. Among other procedural defects, a party's failure to pay the requisite filing fee means that the district court may "act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2); *see Prince v. Chow*, No. 4:15-CV-417, 2016 WL 3298220, at *3 (E.D. Tex. June 15, 2016) (collecting cases); *see, e.g.*, *In re Hall*, 354 F. App'x 842, 843 (5th Cir. 2009) ("[T]here is no error in the dismissal of Hall's appeal from the bankruptcy court on account of his failure to pay the filing fees[.]").

Here, the Court noted the defect in this appeal—Appellants' failure to pay the filing fee— in its Show Cause Order. *See* ECF No. 5 at 2 n.1. Nearly two months later, they still have not paid the filing fee. Based on their failure to pay the filing fee and the substantive deficiencies described herein, the Court will dismiss this appeal.

**II.    Ms. Aparicio has not demonstrated that she is a "person aggrieved"**

Even if Appellants had paid the filing fee, the Court would dismiss this appeal based on Ms. Aparicio's status as a creditor in the underlying bankruptcy case.

To begin, while Ms. Aparicio purports to have standing to bring this appeal as a creditor of the bankruptcy estate, she cannot show that she is a "person aggrieved" by the Turnover Order, which, by definition, benefited the estate. ECF No. 8 at 2. Indeed, even as a "co-debtor" and "equity holder, member, and officer of the Debtor," *id.*, it is not clear how she was "directly and adversely affected pecuniarily by the order of the bankruptcy court" *Fortune Nat'l Res. v. U.S. Dep't of Interior*, 806 F.3d 363, 366 (5th Cir. 2015). Thus, Ms. Aparicio lacks standing to appeal the Turnover Order.

Ms. Aparicio further asserts that unspecified orders of the Bankruptcy Court—presumably the orders barring her from submitting joint filings and striking her previous joint filings—"limit her ability to meaningfully participate in proceedings, assert her claims, and safeguard against her potential recovery." ECF No. 8 at 3. The Court is not aware of any order of the Bankruptcy Court that will prevent Ms. Aparicio from representing her own interests going forward, so long as she does not attempt to file joint submissions on behalf of her father. To the extent that Ms. Aparicio is challenging the order striking her previous joint filings from the bankruptcy docket, as the Court has already explained, she lacked independent standing to seek relief from the Turnover Order. It follows that striking her joint filings related to the Turnover Order cannot have harmed Ms. Aparicio's interests. Put differently, the Bankruptcy Court has only barred Ms. Aparicio from "participat[ion] in [the] proceedings" that was never authorized in the first place.

## CONCLUSION

For the foregoing reasons, this case is **DISMISSED** for failure to pay the filing fee under

Fed. R. Bankr. P. 8003(a)(2). A final judgment will follow.

It is so **ORDERED**.

**SIGNED** this May 19, 2026.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE